IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS VOGLER SR., *et al.*, | |
| Plaintiff, | |
| vs. | Case No. 3:14-cv-00517-JPG-PMF |
| JAMES P. POSHARD & SONS, INC., *et al.*, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to transfer venue filed by Thomas P. Poshard & Sons, Inc., et al. ("Defendants"). (Doc. 7). Plaintiff Thomas Vogler, Sr., et al., ("Plaintiff") responded to the Defendant's motion. (Doc. 10). For the following reasons the Court will **GRANT** Defendant's motion.

**I.    Facts**

Plaintiffs were traveling on US 231 in Indiana on March 20, 2014 when a tractor-trailer, operated by Defendant Shealey, crossed over the center lane and collided head-on with the Plaintiffs' vehicle, injuring the driver and both passengers. (Doc. 2-2).

Defendant Shealey was driving a truck owned by Poshard Logistics. *Id*. Defendant Shealey was driving the tractor on behalf of Defendant Poshard and Son and hauling a load for Defendant Poshard Logistics. *Id.* Plaintiffs, in their state court complaint, allege in each of Counts I-III that Defendant Shealey was negligent in causing the collision resulting in the Plaintiffs' injuries. *Id.*

Initially, this matter was filed in St. Clair County, Illinois. *Id.* Subsequently, the Defendants moved this action from state court to federal court pursuant to 28 U.S.C. §§ 1332,

1441, and 1446. *Id.* The Plaintiffs are all citizens of Illinois; the Defendants are citizens of Indiana who do business in St. Clair County, Illinois. *Id.*

Following removal, the Defendants filed a motion to transfer venue to the Southern District of Indiana. (Doc. 7 & 8). In support of this motion, the Defendants argue that the Southern District of Indiana is proper because: (1) the accident occurred in the Southern District of Indiana; (2) it would force too many parties to travel further; (3) all of the treating medical providers, the witnesses, State and County police, emergency medical responders, physicians and other personnel of the hospital where Plaintiffs were treated immediately after the accident are in Indiana; (5) all records (both police and business) of the incident are in Indiana; (6) the applicable law is Indiana law; and there is less congestion currently in the federal system of Southern Indiana than in the Southern District of Illinois (precisely 13,433 cases were pending in Southern Illinois and 2,821 cases pending in Southern Indiana). (Doc. 8).

In response, the Plaintiffs argue that the defendants failed to show that the transfer would provide clear convenience to the litigants and witnesses or otherwise serve the interest of justice, and thus their motion should be denied. (Doc. 10). In support, the Plaintiffs argue that: (1) Illinois is their choice of venue and should be given considerably more weight; (2) the Defendants conduct business in Illinois; (3) documentary evidence is easily copied and transported in the modern age; (4) the state police investigation and the testimony of the first responders are "rarely . . . important or vital to personal injury claims"; (5) the ongoing care and treatment of the plaintiffs has been conducted by professionals in southern Illinois and St. Louis, Missouri; and (6) the lost wage claims relate to employment in Belleville, Illinois. (Doc. 10).

**II.   Standard for Transfer**

The language of 28 U.S.C §1404 (a) prescribes that a court "[f]or the convenience of

parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought . . . ." "The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case . . . ." *Heller Financial, Inc. v. Midwhey Powder Co., Inc,.* 883 F.2d 1286, 1293 (7th Cir. 1989). Further, in guiding its decision the Court "is to weigh, among other factors, the convenience of the witnesses and the parties, the costs of the transfer, the public interest involved and any special circumstances present in the case." *F.T.C. v. MacArthur*, 532 F.2d 1135, 1143 (7th Cir. 1135). The Northern District expounded on these factors and provided further facts to be considered including: (1) the relative ease of access to sources of proof; (2) the amenability of unwilling witnesses to service of process; (3) the cost of attendance at trial of willing witnesses; (4) the relation of the community in which the courts and jurors are required to serve at the occurrence at issue in the litigation; (5) the accessibility of premises involved in the litigation; (6) the relative congestion of the court dockets and prospects for an earlier trial; and (7) in a diversity case, the relative familiarity of the courts with the state law supplying the applicable rules of decision." *Zalutsky, Pinski, & DiGiacomo, Ltd. v. Kleinman,* 747 F. Supp. 457, 462-63 (N.D. Ill. 1990).

### III.   Analysis

In the case at bar, it is recognized that either party will be inconvenienced to some degree no matter the forum. However, after applying the factors enumerated by the various courts and the applicable statute, the court finds that the interests of justice favor the transfer of this case to the Southern District of Indiana.

First, the accident happened in Indiana, on an Indiana highway. Stemming from the accident, all immediate treatment and initial reporting occurred in Indiana. Indeed, most of the

potential witnesses (i.e., first responders, treating physicians, and the police) work or reside in Indiana. In addition, the citizens and potential jurors in which the district sits has an overarching interest in ensuring justice and safety for their community as a whole.

Next, if this matter were to proceed to trial, the costs and expenses for the police officers and emergency responders far outweigh the costs of one or two post-care doctors traveling to Indiana. Although the Plaintiffs argue that the post-treatment care was conducted in Southern Illinois and St. Louis, these are only a few of the witnesses that will be critical at trial. The majority of witnesses will be those that treated and reported on the accident initially. These individuals would have to commute or seek accommodation for extended periods of time, unlike the brief testimony surrounding the post-care treatment. Furthermore, the evidence of lost wages does not require travel to Belleville, Illinois or live testimony of witnesses from there. Instead, to prove this element the Plaintiffs have to offer a few pay slips or income statements and the calculation of time lost for recovery.

The applicable law is that of the state of Indiana. Indeed, the interests of justice are served when the presiding judge best understands the applicable law. In the case at bar, an Indiana judge, who has likely spent his or her life practicing within the state, will best understand the applicable law.

Lastly, the evidence of the congestion of the Southern District of Illinois courts is instructive. While the Southern District of Indiana has approximately 2,000 cases pending, the Illinois court has nearly 14,000. Although congestion is not the only factor in considering a motion to transfer, it is still influential in deciding whether or not to add this case to the already 14,000 pending or to transfer it to a more applicable and less burdened court.

In sum, it will be significantly less burdensome and serve the interests of justice for all parties to transfer venue to the Southern District of Indiana.

### IV.     Conclusion

In end, this court believes that the interests of justice favor transfer of venue to the Southern District of Indiana. This forum is proper because it is where the majority of the witnesses and evidence are located; the applicable law is Indiana's law; the Southern District of Indiana is currently less burdened; and the costs for traveling to Indiana by the Plaintiffs and witnesses is significantly less than those potentially incurred by the Defendants and their necessary witnesses.

For these reasons, the Defendants' motion to transfer venue to the Southern District of Indiana will be **GRANTED.** The Court **DIRECTS** the Clerk of Court to transfer this case to the Southern District of Indiana.

**IT IS SO ORDERED.**

**DATED:** July 24, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
